In re Mark E. DEATON and Nancy A. Deaton, Debtors.

In re Carolyn A. ABRAHAM, Debtor.

Bankruptcy Nos. 1–86–01461, 1–86–01471.

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 8, 1986.

Harry B. Zornow, Hamilton, Ohio, for Mark and Nancy Deaton.

John W. Rose, Cincinnati, Ohio, for Carolyn Abraham.

Marc L. Shimberg, Cincinnati, Ohio, Estate Administrator.

Eileen K. Field, Cincinnati, Ohio, trustee.

## DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

The two cases identified in the caption are Chapter 7 cases. The Estate Administrator has called our attention to them, suggesting that we "may want to think about converting these cases to Chapter 13 proceedings." The basis for the suggestion is 11 U.S.C. § 707(b) which provides:

§ 707. Dismissal

\*   \*   \*   \*   \*   \*

(b) After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

As an initial matter, we hold that the origin of the suggestion is consistent with the statutory enactment, for it does not originate with "any party in interest".

The Estate Administrator has analyzed the captioned cases, particularly as to their disclosures regarding the disposable income of the respective debtors after expenses, and has called our attention to the fact that these debtors could both comfortably support a Chapter 13 payout plan. There is thus presented to us a question of whether the granting of a discharge in a Chapter 7 case to such a debtor constitutes "a substantial abuse of the provisions of this chapter." We are disinclined to find that "substantial abuse" arises merely from the fact that a debtor has the capability of funding a Chapter 13 plan.

Nor do we find that the authorities which have discussed the question require such a conclusion. A leading one of those authorities is *In re Grant*, 51 B.R. 385 (Bankr. N.D. Ohio 1985). In that case, Bankruptcy Judge White meticulously explores the legislative background of the 1984 Bankruptcy Amendments to the extent that they deal with consumer debtor provisions. While at p. 394 he says, in interpreting "substantial abuse", that it is key in analyzing that question whether the debtor can realistically fund a Chapter 13 plan which would pay his creditors a substantial portion of their claims, that is not all that he says. In *Grant*, the outcome was that the case was dismissed, but in reaching the conclusion that this was correct, the court felt it necessary to examine the background of the case for indicia of bad faith.

Such indicia are not part of the picture presented to us. All that is being suggested to us is that we find that a "substantial abuse" within the meaning of § 707(b) exists because these debtors could fund a Chapter 13 plan. One finds statements in the literature concluding that this ability is very important in the interpretation of § 707(b), based upon various statements

which are to be found in the legislative record.

The reference here is particularly to comments by members of the House, indicating their perception that there had been abuses in utilization of the bankruptcy system in securing the discharge of what they viewed as an excessive amount of consumer debt, after the Bankruptcy Reform Act of 1978 became effective. We have no doubt that there was considerable sentiment to that effect in the Congress prior to the time that the 1984 Bankruptcy Amendments were enacted.

We cannot, however, close our eyes to the fact that prior to the 1984 Amendments, there had been pending in the Senate a bill, S. 2000, which expressly provided that an individual could not be a debtor under Chapter 7 if he could pay a reasonable portion of his debt out of future income. This proposal was familiarly referred to as a mandatory Chapter 13. There is an admirable discussion of this proposed bill, as well as of other legislative proposals, in an article entitled "New Developments in Consumer Bankruptcies: Chapter 7, Dismissal on the Basis of 'Substantial Abuse'", by Irving A. Breitowitz, 59 Am.Bankr.L.J. 327, 345. But that proposal, S. 2000, was rejected; it did not become the law.

If Congress had intended to institute a system of mandatory Chapter 13, it would have had no difficulty in saying so in direct, explicit language. Congress rejected this proposal, at least in part, because its adoption would have laid an unbearable burden on the bankruptcy court system as presently constituted. That system depends for its viability upon the administrative disposition without significant intervention by the bankruptcy judge, of the great bulk of consumer Chapter 7 cases. To require that official to review every Chapter 7 consumer case and make the kind of careful determination required in determining whether a successful Chapter 13 case could be maintained by the debtor, would call for a great expansion of man-power, and consequent expense, in the bankruptcy court system.

In light of the foregoing discussion, we decline to review the two cases in the caption, and find that the mere ability to fund a Chapter 13 plan is not sufficient to constitute "substantial abuse".

So Ordered.