### In re Charles Ellsworth KROHN aka Charles E. Krohn.

#### No. C87–3148–A.

United States District Court, N.D. Ohio, E.D.

May 12, 1988.

Bruce R. Freedman, Akron, Ohio, for plaintiff.

Richard A. Wilson, Kent, Ohio, Trustee.

## ORDER

BELL, District Judge.

The appellant/debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code on December 12, 1986. 11 U.S.C. §§ 701 *et seq.* On June 1, 1987, the bankruptcy court, Judge Harold F. White presiding, issued an order, *sua sponte,* requiring the debtor to appear pursuant to 11 U.S.C. § 707(b) for a hearing on July 9, 1987. On November 3, 1987, the bankruptcy court filed its finding as to the court's motion under § 707(b) (Bankr.Ct.Finding) and dismissing debtor's petition for discharge under Chapter 7. 78 B.R. 829 (N.D.Ohio 1987). Currently before this court is debtor's appeal of the bankruptcy court's order of dismissal dated November 3, 1987. The debtor/appellant has filed a brief setting forth the assignments of error. This court is without the benefit of an appellee brief due to the statutory procedure of 11 U.S.C. § 707(b) which allows the bankruptcy court to move for dismissal *sua sponte.*

Appellant lists four assignments of error on appeal:

I. The trial court erred in its application and interpretation of 11 U.S.C. Section 707(b).

II. The trial court's finding of fact is clearly erroneous so as to make the conclusions of law against the manifest weight of the evidence.

III. The Bankruptcy Court erred in its determination that debtor's petition was

in bad faith so as to merit dismissal of the proceeding.

IV. The trial court's application of 11 U.S.C. Sec. 707(b) to debtor's bankruptcy proceeding constitutes a violation of debtor's constitutional rights under the thirteenth amendment to the Constitution of the United States.

Assignments of error I and III are closely related. The bankruptcy court's determination of bad faith was reached as a result of its application and interpretation of 11 U.S.C. § 707(b). Therefore, assignments of error I and III will be discussed together.

### Assignments of Error I and III

■ Appellant contends that the bankruptcy court erred in its application and interpretation of 11 U.S.C. § 707(b) and its determination that debtor's petition was submitted in bad faith. Enacted as part of The Bankruptcy Amendments and Federal Judgeship Act of 1984, 11 U.S.C. § 707 states in pertinent part as follows:

> (b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

"The operative language of section 707(b) is 'primarily consumer debts' and 'substantial abuse.'" *In re Newsom*, 69 Bankr. 801, 804 (Bankr.D.N.D.1987). No issue relating to consumer debt has been raised on appeal. Rather, appellant objects to the bankruptcy court's application and interpretation of the "substantial abuse" provision contained in 11 U.S.C. § 707(b).

The term "substantial abuse" is not defined in the statute or elsewhere in the bankruptcy code. Therefore, the bankruptcy courts are required to examine the legislative history of 11 U.S.C. § 707(b) "to determine the proper standard for judicial application." *In re Grant*, 51 Bankr. 385, 389 (Bankr.N.D.Ohio 1985). From the developing case law, the court considered the following factors: (1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 13 plan which would pay a substantial portion of the claims of the unsecured creditors; (2) whether the debtor has exhibited any bad faith in the filing of his petition and schedules or has engaged in "eve of bankruptcy purchases"; and (3) whether the debtor has suffered an unforeseen calamity, or is merely using Chapter 7 provisions to gain relief from past excesses. Bankr.Ct.Finding at 6; *In re Grant*, 51 Bankr. at 393–394. Numerous courts have applied the same or substantially equivalent criteria. *See, e.g., In re Newsom, supra* at 804; *In re Kress*, 57 Bankr. 874 (Bankr.D.N.D.1985); *In re White*, 49 Bankr. 869 (Bankr.W.D.N.C.1985).

The first factor considered by the court was whether the debtor could fund a Chapter 13 plan. The court correctly determined that the debtor was ineligible for Chapter 13 relief due to the statutory bar imposed by 11 U.S.C. section 109(e).

The second factor considered by the bankruptcy court addressed the issues of "eve of bankruptcy purchases" and bad faith in filing of debtor's petition *and schedules.* (Emphasis added). The court found no evidence of "eve of bankruptcy purchases." Bankr.Ct.Finding at 8. However, upon examination of all the evidence, including the petition, schedules, the schedule of current income and current expenditures, and the testimony and documents presented by the debtor at the July 9, 1987 hearing, the bankruptcy court determined that the debtor had exhibited bad faith. Appellant argues in assignment of error III that the court erred in its determination of bad faith. Specifically, appellant argues that "[T]he Bankruptcy Court erred in its determination that *debtor's petition* was in bad faith so as to merit dismissal of the proceeding." Appellant's assignment of error III. (Emphasis added).

The lower court's inquiry, however, was not limited to an examination of the debtor's petition. The determination of bad faith was reached after examination of all

of the evidence including debtor's petition, schedules, documents and testimony from the hearing and the schedule of current income and current expenditures. Bankr. Ct.Finding at 7. Appellant argues that evidence of bad faith should be established by applying the factors set forth in 11 U.S.C. section 727 and 523. Application of sections 727 and 523 by analogy, would require the bankruptcy court to make a finding of fraud or misrepresentation prior to making a bad faith determination under 11 U.S.C. § 707(b). Although this approach was discussed in the case of *In re Mastroeni*, 56 Bankr. 456 (Bankr.S.D.N.Y.1985), the lower court declined to follow the reasoning of that decision in the present case. Rather, the lower court followed its previous decision in *In re Grant* and found that the evidence supported a determination of bad faith.

■ The court cited several factual findings to support its conclusion that the debtor had exhibited bad faith. First, the debtor only made minimum monthly payments on his accounts thereby failing to sincerely attempt to repay his obligations and/or to reduce his monthly expenses. Bankr.Ct. Finding at 8. Additionally, the debtor seeks discharge for himself only, although he jointly holds credit cards with his wife who did not file bankruptcy. Bankr.Ct. Finding at 8. Based on the foregoing factual findings, this court holds that the bankruptcy court did not err in its determination that the debtor had exhibited bad faith. Under the *Grant* factors, fraud or misrepresentation is not a prerequisite to the court's bad faith determination. Accordingly, the bankruptcy court's finding as to appellant's assignment of error III is affirmed.

The third *Grant* factor considered by the bankruptcy court concerns whether the debtor has suffered an unforeseen calamity, or is merely using Chapter 7 provisions to gain relief from past excesses. Appellant argues that his loss of job in 1984, coupled with his stock market losses, constitute an unforeseen calamity. The evidence, however, indicates that the debtor has been successfully employed for over the past two years. Bankr.Ct.Finding at 1. The lower court found no evidence of an unforeseen calamity. Bankr.Ct.Finding at 8. Rather, the court determined from the evidence that the debtor is merely using Chapter 7 provisions to gain relief from past excesses. Bankr.Ct.Finding at 8. The lower court stated that "[t]he debtor treats his creditors in a callous manner and indulges in a life style in excess of a reasonable standard of living." Bankr.Ct.Finding at 8.

■ The appellant further argues that it is improper for a court to impose its view of financial responsibility on the debtor under the substantial abuse test, citing *In re Gaukler*, 63 Bankr. 224 (Bankr.D.N.D. 1986). The *Gaukler* court granted debtors a discharge under Chapter 7 although their expenses included large numbers of religious contributions. Two of the five factors considered by the *Gaukler* court included (1) "whether the schedules suggest the debtors incurred cash advances and consumer purchases in an excess of their ability to repay them", and (2) "whether the debtor's proposed family budget is excessive or extravagant." *Gaukler, supra* at 225 (citing *In re Grant, supra* ). Although the debtor's petition was not dismissed in *Gaukler*, the court's decision was rendered only after determining the reasonableness of their lifestyles. This court disagrees with appellant's argument that the court should not impose its view of financial responsibility on debtors. Such an inquiry is necessary under the *Grant* test to determine whether the debtor seeks to gain relief from past excesses.

Based on the foregoing analysis, this court finds that the debtor was not faced with an unforeseen calamity. Furthermore, the evidence supports the bankruptcy court's finding that the debtor is merely attempting to gain relief from past excesses. All of the factors set forth in the *Grant* decision were considered by the lower court prior to finding that the granting of relief would be a substantial abuse of the Chapter 7 provisions. The presumption in favor of the debtor contained in 11 U.S. C. § 707(b) has been rebutted by the evi-

dence indicating substantial abuse of the provisions of Chapter 7 of the bankruptcy code.

Therefore, the bankruptcy court did not err in its interpretation and application of 11 U.S.C. section 707(b). Accordingly, the finding of the lower court is also affirmed as to appellant's assignment of error I.

### Assignment of Error II

The appellant's second assignment of error concerns whether the bankruptcy court's factual findings are clearly erroneous so as to make the conclusions of law against the manifest weight of the evidence. "A party seeking to reverse the bankruptcy court's finding of fact on appeal has the burden of proving that the findings are clearly erroneous; merely showing that the court could have reached another conclusion on the evidence presented is not sufficient." *In re R.N. Salem Corp.*, 29 Bankr. 424, 428 (S.D.Ohio 1983) (citing *In re Huntington Ltd.*, 654 F.2d 578, 583 (9th Cir.1981).

Several factual issues have been raised in appellant's brief. First, appellant objects to the court's finding that a home computer was used "to juggle [the debtor's] credit card payments." Bankr.Ct. Finding at 9. The debtor's testimony at the July 9, 1987 hearing indicates that the home computer was used solely during the months of April, June and July, 1987 for the purpose of *post-petition* management of debtor's finances. Transcript of Proceedings at 13. Brief of Appellant/Debtor, p. 16–17. From the record, it is unclear what the debtor's managerial intentions were in connection with the home computer usage. Upon receiving the testimony, the bankruptcy court determined that the computer was being used as part of a money management scheme which facilitated escalation of the debt. To the contrary, appellant insists that the computer was merely used to enable the debtor to keep track of his expenses. This court finds that even if it were error for the bankruptcy court to characterize debtor's home computer use as part of a scheme to juggle debts, such an error would be harmless in view of the record evidence which supports the court's finding of bad faith.

■ Appellant also objects to the court's failure to mention debtor's commodity losses, the poor physical condition of debtor's father-in-law and debtor's loss of job in its Finding of Fact. It is appellant's position that the debtor's loss of job in 1984 and loss of money on commodity investments is evidence of an "unforeseen calamity" under the *Grant* factors. The court noted that the debtor had been employed for the past two years. Bankr.Ct.Finding of Fact 1. Therefore, the court was aware of debtor's recent employment status. Although the court did not mention debtor's security investment losses, these losses cannot be characterized as an "unforeseen calamity." The debtor is employed as a financial business manager and should be aware that certain risks of loss are associated with security investments.

Finally, the court's failure to include facts relating to debtor's father-in-law in its factual finding was not clearly erroneous. The court found that the debtor and his wife sold their condominium and purchased a home. Bankr.Ct.Finding of Fact 4, 5. These findings are accurate and the court is not required to state the debtor's underlying reasons for purchasing the home.

The appellant's arguments merely assert that the court could have reached another conclusion on the evidence. See *In re Salem Corp.*, 29 Bankr. at 428. Based on a thorough review of the record, this court finds that the bankruptcy court's finding of facts are not clearly erroneous. The manifest weight of the evidence relied upon by the bankruptcy court supports its determination of bad faith and of debtor's intention to seek relief from past excesses.

Accordingly, appellant's assignment of error II is without merit and therefore dismissed.

### Assignment of Error IV

■ Appellant argues that "[t]he trial court's application of 11 U.S.C. § 707(b) to debtor's bankruptcy proceeding constitutes

a violation of debtor's constitutional rights under the Thirteenth Amendment to the Constitution of the United States." Brief of Appellant/Debtor, p. 27–30. "The philosophy behind this consideration is that dismissal of a bankruptcy request for relief, and the resulting unavailability of discharge from indebtedness, would result in the debtor being forever bound to toil for the benefit of his creditors." Brief of Appellant/Debtor at 27.

The Thirteenth Amendment to the Constitution of the United States reads in pertinent part as follows:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Not surprisingly, there is sparse authority discussing the relationship between the Thirteenth Amendment and the provisions of the Bankruptcy Code. The available case law states that a debtor may not be involuntarily compelled to file a Chapter 13 petition. *In re Fluharty*, 23 Bankr. 426 (Bankr.N.D.Ohio 1982); *In re Markman*, 5 Bankr. 196 (Bankr.E.D.N.Y.1980). Appellant has recognized that Chapter 13 relief cannot be obtained by the debtor herein because the debtor's non-contingent, liquidated, unsecured debts exceed the statutory limit of $100,000. Brief of Appellant/Debtor pp. 27–8. Rather, appellant argues that a denial of discharge under 11 U.S.C. § 707(b) would place the debtor in the position of involuntary servitude to his creditors.

In *Flood v. Kuhn*, 316 F.Supp. 271, 281 (S.D.N.Y.1970), *affirmed* 443 F.2d 264 (2nd Cir.1971), *affirmed*, 407 U.S. 258, 92 S.Ct. 2099, 32 L.Ed.2d 728 (1972), the court stated that a showing of compulsion is a prerequisite to proof of involuntary servitude. The term "involuntary servitude" has been defined as "[t]he condition of one who is compelled by force, coercion or imprisonment, and against his will, to labor for another, whether he is paid or not." *Black's Law Dictionary* 743 (5th ed. 1979).

Appellant argues that the bankruptcy court's acknowledgment that "after reading some of these bank statements that you received, they were ultimately encouraging you to use their cards quite extensively" (Brief of Appellant/Debtor at p. 29, Transcript of Proceedings p. 11) is sufficient evidence of compulsion necessary to establish an involuntary servitude claim. However, encouragement given to the debtor by creditors must be distinguished from compulsion by force, coercion or imprisonment. The liability for payment of the escalating debt was *voluntarily* assumed by the debtor, and he alone is responsible for the decisions which resulted in his filing for relief under Chapter 7.

Accordingly, this court finds that the debtor's rights under the Thirteenth Amendment to the United State Constitution have not been violated because the debtor voluntarily and without compulsion incurred the debt which he seeks to have discharged. Therefore, appellant's fourth assignment of error is not well taken.

Accordingly, the decision of the bankruptcy court filed November 3, 1987 is affirmed in its entirety. The presumption in favor of granting discharge to the debtor has been overcome by the record evidence establishing debtor's bad faith and intention to gain relief from past excesses. This appeal is hereby dismissed.

IT IS SO ORDERED.