**In re Ronald Moses HARRIS, and Rhonda Joann Harris, Debtors.**

**Bankruptcy No. 90–40189–PKE.**

United States Bankruptcy Court,
D. South Dakota.

Dec. 24, 1990.

Charles L. Nail, Jr., Asst. U.S. Trustee, Sioux Falls, S.D.

James A. Craig, Craig & Nichols, Sioux Falls, S.D., for debtors.

PEDER K. ECKER, Bankruptcy Judge.

### ACTION

A motion to dismiss the Chapter 7 bankruptcy petition of Ronald and Rhonda Harris ("Ronald", "Rhonda" or together as the "Debtors") on grounds of substantial abuse is before the Court. For reasons articulated below, the Court concludes that the Debtors' circumstance does not warrant dismissal under 11 U.S.C. § 707(b). The instant matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction over the parties and subject matter under 28 U.S.C. § 1334.

This Memorandum Decision constitutes Findings of Fact and Conclusions of Law pursuant to Fed.R.Civ.P. 52 and Bankr.R. 7052.

## FINDINGS OF FACT

Ronald and Rhonda Harris ("Ronald", "Rhonda" or together as the "Debtors") filed a Chapter 7 petition on April 2, 1990. Ronald serves as a fireman. Rhonda works full-time as a clerk for a local meat processing plant. She began working full-time when she discovered that her father did not pay off her student loan as he had promised. For over a year, she secured full time employment and together with her husband, the Debtors strived to pay off the student loan and other mounting bills before resorting to bankruptcy.

Rhonda testified that she will voluntarily leave her employment after January 1, 1991 because full-time evening employment is too psychologically stressful on family life. Rhonda is in the process of training her replacement at the meat processing plant. Debtors claim three children, ages 13, 10, and four, on their schedules. By service upon the Court and U.S. Trustee of a filing by the Debtors in a subsequent separate motion, the Court was informed that Rhonda is now pregnant. Debtors have not previously been in bankruptcy.

Debtors' schedules listed secured debt of $46,703 and unsecured debt of $9,735. The secured debt involves a home purchased on a contract for deed at $33,303 and worth $39,000 and three vehicles, which in toto are not worth the claims against them. Two automobiles were surrendered to a secured creditor post-petition. Debtors turned over the dilapidated vehicles which were in a constant need of repair. Debtors reaffirmed a motorcycle debt. Without winter transportation, Debtors procured a 1985 Buick and a 1980 Honda, at a total price of $8,000. The Chapter 7 Trustee declared this case to be a no asset case.

Debtors' petition, particularly the income and expense table, triggered the Office of the U.S. Trustee to file a substantial abuse motion pursuant to 11 U.S.C. § 707(b). A meticulously explained 1990 pro-forma 1040 return, prepared for the Debtors by Office of the U.S. Trustee accountant Craig Bumann, clearly established that Ronald and Rhonda had at least $200 a month withheld which was not required to retire current taxes. The Assistant U.S. Trustee convincingly argued that a warranted reduction in withholding would yield additional net income of $200 a month. As filed, the Assistant U.S. Trustee astutely noted that Debtors' schedules' net disposable income could pay 100% of all unsecured debt in a three year plan. However, as reality mandated thrusting income upward, certain expense discrepancies justify amendments to the Debtors' claimed expenses.

The Court finds that a $200 adjustment to Debtors' food expense is appropriate given Debtors' family status. Debtors' original $400 claim is insufficient considering that five, and soon six, family members must be fed. The $200 income increase is offset by the $200 food bill expense amendment. Debtors' post-petition vehicle acquisitions increase monthly costs also. The Court finds that only the $124 Honda payment is a reasonable expense increase since the $238 Buick payment is offset by saved baby-sitting fees since Rhonda will not be employed after January 1, 1991. A second car payment without two wage earners in a household would be rejected as a unreasonable expense but for the Debtors' young, large family and the Honda's low purchase price. The absence of a second vehicle would incur sporadic baby-sitting or mass transportation costs amounting at least to the Honda's payment since the parent not working outside the home would have to find a sitter to do errands such as buy groceries or visit a doctor's office. Debtors' reaffirmed motorcycle debt is not a valid expense as the chattel is unnecessary in light of the availability of the two recently purchased cars.

The Debtors' adjusted projections indicates a current net monthly income of $2,449 ($1,244 Ronald, $1,005 Rhonda, $200 withholding income) and after January 1, 1991 it will be $1,444. Debtors' adjusted monthly expenses are $2,297. The honed current net disposable monthly income fig-

ure of $152 would permit 56% of the $9,735 unsecured debt to be paid off under a three year plan.

## ISSUE

1. Is a dismissal for substantial abuse under 11 U.S.C. § 707(b) appropriate only if the Debtors' net disposable income permits a significant payment of unsecured debt and the Debtors act in an egregious fashion? Yes.

## CONCLUSIONS OF LAW

[1] 11 U.S.C. § 707(b) applies only where an individual debtor's debts are primarily consumer debts. *See In re Restea*, 76 B.R. 728 (Bankr.S.D.1987). A consumer debt is a "debt incurred by an individual for a personal, family, or household purpose." 11 U.S.C. § 101(7). The Debtors' schedules reflect obligations such as the house payment and the vehicle debt which are primarily for personal, family or household use.

Dismissal for substantial abuse is based on 11 U.S.C. § 707(b) which states:

> After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of the relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

Neither the Bankruptcy Code nor the legislative history define "substantial abuse". *Matter of Dubberke*, 119 B.R. 677, 679 (Bankr.S.D.Iowa 1990). The only thing clear is that the substantial abuse standard replaces pre–1984 law which employed a rigid mechanical formula. *In re Walton*, 866 F.2d 981, 983 (8th Cir.1989). Different interpretations exist as to the composition of a substantial abuse analysis.

Two vastly divergent views of 11 U.S.C. § 707(b) are prevalent. In the Ninth Circuit, a debtor's ability to pay his debts in a Chapter 13 plan is the primary factor considered in determining substantial abuse. *In re Kelly*, 841 F.2d 908, 914–915 (9th Cir.1988). Other courts adhere to a narrow interpretation, holding that the mere ability to pay off creditors via a Chapter 13 plan, by itself does not prove substantial abuse. *In re Wegner*, 91 B.R. 854, 858 (Bankr.D. Minn.1988); *In re Deaton*, 65 B.R. 663, 665 (Bankr.S.D.Ohio 1986); *In re Mastroeni*, 56 B.R. 456, 459 (Bankr.S.D.N.Y.1985). Such courts require evidence of an egregious circumstance such as misconduct, impropriety or bad faith in order to find substantial abuse. *Wegner*, 91 B.R. at 858; *In re Shands*, 63 B.R. 121, 124 (Bankr.E.D.Mich. 1985). Two strongly opposing interpretations of 11 U.S.C. § 707(b) exist.

The Eighth Circuit, taking the middle ground, holds that a bankruptcy court may consider a debtor's ability to fund a Chapter 13 plan when determining whether substantial abuse exists. *Walton*, 866 F.2d at 985. A court is not is not foreclosed from evaluating the payment ability of a debtor. *Dubberke*, 119 B.R. at 679. A petitioner's good faith and unique hardships are 11 U.S.C. § 707(b) considerations. *Walton*, 866 F.2d at 983. The legislative history suggests that 11 U.S.C. § 707(b) upholds the interests of the creditor in obtaining payment if such payment will not burden the debtor. *Id.*

In *Walton*, the debtor gambled away his money, filed bankruptcy earlier and could pay off more than two-thirds of his total unsecured debts in a three year plan. *Id.* Factors in addition to Mr. Walton's ability to fund a plan, doomed his Chapter 7 petition. In contrast, Ronald and Rhonda relentlessly labored to retire their debt and sought the refuge of bankruptcy only after the tremendous emotional drain adversely affected the family. Furthermore, the Debtors have not previously filed for bankruptcy and they could pay off only slightly more than fifty percent of their debt in a three year plan. While *Walton* examined repayment ability under a three and a five year plan, the statutory assumption is that all plans shall be three years in duration unless just cause exists. 11 U.S.C. § 1322(c). Ascertaining the amount of dis-

posable income, as defined by 11 U.S.C. § 1325(b), to pay unsecured creditors for substantial abuse purposes primarily contemplates a three year hypothetical plan.

The court may consider an ability to repay unsecured debt, but should be hesitant to use its broad power granted by Congress to decide how individuals should live their lives. *Waites v. Braley,* 110 B.R. 211, 213 (E.D.Va.1990). Congress could have easily spoken to a mandatory Chapter 13 had it so desired. *Deaton,* 65 B.R. at 665. Congress has not expressly written a compulsory Chapter 13 statute through its enactment of 11 U.S.C. § 707(b).

Unquestionably, the statutory presumption favors granting the debtor relief. 11 U.S.C. § 707(b). The presumption is rebuttable and the moving party shoulders the burden to prove substantial abuse. *Matter of Woodhall,* 104 B.R. 544, 545 (Bankr.M.D.Ga.1989); *Matter of Strong,* 84 B.R. 541, 544 (Bankr.N.D.Ind.1988). Substantial abuse is a case-by-case determination focusing on the totality of the circumstances, and adhering to Chapter 7's essential purpose of granting honest debtors a fresh start. *Dubberke,* 119 B.R. at 677. A rationale for requiring an egregious act in addition to the raw ability of debtors to reduce their unsecured debt significantly in a Chapter 13 is that "abuse" refers to an improper use or a corrupt practice or custom and "substantial" describes the degree of abuse required for dismissal. *Wegner,* 91 B.R. at 857. Such analysis does apply the plain meaning of the substantial abuse phrase.

The Court resolves the divergent substantial abuse vacillations by applying the statute's rebuttable presumption in favor of the debtor, Congress' silence on a mandatory Chapter 13, bankruptcy's fresh start cornerstone, and the plain meaning of "abuse" and "substantial" to conclude that substantial abuse requires something more than the naked ability of a debtor to repay a significant amount of unsecured debt under a three year Chapter 13 plan. Egregious behavior, such as repeated bankruptcy filings evidencing a lack of good faith, fraud, impropriety or evidence of miscon-

duct, must be established by the moving party in addition to proving that a significant portion of unsecured debt may be paid by net disposable income under a three year Chapter 13 plan.

The facts at bar do not support a conclusion of substantial abuse on two separate grounds. Initially, a 56% payment of unsecured debt under a three year plan funded by the Debtors' net disposable income is not a significant amount of repayment in comparison to other cases dismissed for substantial abuse which involved an ability to pay two-thirds or more of their unsecured debt over a three year period. *Walton,* 866 F.2d at 985; *Kelly,* 841 F.2d at 915. Furthermore, the Debtors have not committed any egregious act. Unlike the debtor in *Walton,* Ronald and Rhonda diligently worked to pay off their debt long before bankruptcy was contemplated, and no wasting of assets has been alleged. Dismissal would only exacerbate the Debtors' financial plight. The Court concludes that the Debtors' circumstance does not support the Office of the United States Trustee's motion to dismiss. The motion to dismiss is denied and dismissed.

The Court shall enter an appropriate order.