**In re Donald L. HAMMER, Debtor.**

**In re Randy L. PILGRIM, Debtor.**

**Bankruptcy Nos. 90–81866, 90–82433.**

United States Bankruptcy Court,
C.D. Illinois.

Feb. 21, 1991.

**288**

Dick L. Williams, East Peoria, Ill., for debtors.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

In *In re Hammer*, the Debtor is a retired fireman who filed a Chapter 7 proceeding in bankruptcy. His schedules show $33,-000.00 of unsecured debt. Approximately three-fourths of that amount is related to gambling losses. Most of the debt was incurred through the use of credit cards. The Debtor has retirement pay of $1,319.00 per month. After deducting his regular monthly expenses, he has $350.00 per month available to pay creditors. Over a three year period he would be able to pay his creditors $12,600.00 and over a five year period, $21,000.00.

In *In re Pilgrim*, the Debtor is a production line worker at Caterpillar Inc. He was subject to a three month layoff which caused him to fall behind in paying his debts, and he also filed a Chapter 7 proceeding in bankruptcy. He is now back to work earning net wages of $312.35 per week. He would be able to pay his creditors 100% over eighteen months.

In both cases the United States Trustee filed a Motion to Dismiss the Chapter 7 proceedings pursuant to Section 707(b) of the Bankruptcy Code, 11 U.S.C. Section

707(b). In *In re Pilgrim,* it is the United States Trustee's position that merely because the Debtor has the ability to repay his unsecured creditors 100% over eighteen months, the Debtor's filing is a substantial abuse of the provisions of Chapter 7. In *In re Hammer,* the United States Trustee takes the position that the Debtor's filing under Chapter 7 constitutes a substantial abuse of Chapter 7 because the Debtor has the ability to pay a significant portion of his unsecured creditors, and further because his filing was not in good faith as he incurred gambling losses which he paid through his credit cards within six months of filing.

In previous cases, this Court has orally expressed its concerns with the application of Section 707(b). The reported cases by and large have applied Section 707(b) and dismissed cases brought under that section.[1] However, this Court is still not convinced that Section 707(b) should be applied in the fashion that a majority of courts have applied it. Furthermore, there may be a question as to whether 707(b) is constitutional in the first instance. This Court's concerns are similar to those set forth and discussed in *In re Keniston,* 85 B.R. 202 (Bkrtcy.D.N.H.1988).

■ In the two cases before this Court, the constitutional issue has not been raised, and the only issue involves application of Section 707(b). This Court agrees with the court's analysis and conclusion in *In re Keniston, supra,* where that court stated:

Section 707(b), as interpreted under a narrow paradigm, would permit a court to dismiss a Chapter 7 case where an individual debtor's conduct in incurring the debts that she seeks to have discharged was of a nature sufficient, in the words of one court interpreting this section, "to shock the conscience of the Court." The question of whether a case should be dismissed under section 707(b) ought to be decided on a case-by-case analysis, rather than on the basis of a rigid predetermined test keyed to future income alone. Under a narrow paradigm, section 707(b) is intended to cover those very few cases in which the debtor's conduct does not fit squarely within any of the explicit standards for dismissal or nondischargeability set out in Chapter 7, but in which the debtor's conduct is of such a nature that recourse to the provisions of Chapter 7 generally, particularly in view of the attendant injury to creditors, would contravene the most fundamental notions of fairness and the purposes of Chapter 7. The phrase "of the provisions of Chapter 7" in section 707(b) should be read, then, to apply to either implicit or explicit violations of the provisions and philosophy underlying Chapter 7 cases.

■ In *In re Pilgrim,* the Debtor does have excess income, and could repay his unsecured creditors 100% over eighteen months, but that fact alone does not justify application of 707(b). The legislative history to Section 707(b) indicates that Congress did not contemplate the ability of a debtor to repay his debts in whole or in part as constituting adequate cause for dismissal. House Report No. 95–595, 95th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6336. There is nothing in the facts of this case which shocks the conscience of this Court in the context of contravening the fundamental notions of fairness and the provisions of Chapter 7.

1. Reported cases applying 707(b) and dismissing the proceedings are *In re Krohn,* 886 F.2d 123 (6th Cir.1989); *In re Walton,* 866 F.2d 981 (8th Cir.1989); *In re Kelly,* 841 F.2d 908 (9th Cir. 1988); *In re Wilson,* 1990 U.S.Dist. LEXIS 13911 (W.D.Mich. Oct. 11, 1990); *Matter of Dubberke,* 119 B.R. 677 (Bkrtcy.S.D.Iowa 1990); *In re Palmer,* 117 B.R. 443 (Bkrtcy.N.D.Iowa 1990); *In re Helmick,* 117 B.R. 187 (Bkrtcy.W.D.Pa. 1990); *In re Vesnesky,* 115 B.R. 843 (Bkrtcy.W. D.Pa.1990); *In re Higginbotham,* 111 B.R. 955 (Bkrtcy.N.D.Okl.1990); *In re Cook,* 110 B.R. 544 (Bkrtcy.N.D.Okl.1990); *In re Roth,* 108 B.R. 78 (Bkrtcy.W.D.Pa.1989); *Matter of Woodhall,* 104 B.R. 544 (Bkrtcy.M.D.Ga.1989); *In re Gyurci,* 95 B.R. 639 (Bkrtcy.D.Minn.1989); *In re Andrus,* 94 B.R. 76 (Bkrtcy.W.D.Pa.1988); *Matter of Ploegert,* 93 B.R. 641 (Bkrtcy.N.D.Inc.1988). Cases not dismissing pursuant to Section 707(b) are *Waites v. Braley,* 110 B.R. 211 (E.D.Va.1990); *In re Martin,* 107 B.R. 247 (Bkrtcy.D.Alaska 1989); *Matter of Tefertiller,* 104 B.R. 513 (Bkrtcy.N.D. Ga.1989; *In re Keniston,* 85 B.R. 202 (Bkrtcy.D. N.H.1988).

The Debtor is a working man who fell behind in his ability to pay his creditors when he was laid off from work and who upon return to work opted for a fresh start by filing a Chapter 7 proceeding.

In *In re Hammer*, the Debtor does have excess income from which he could repay his unsecured creditors 38% over three years or 64% over five years. But as was just noted, the legislative history indicates that the ability to partially repay creditors is not cause for dismissal.

 The only other factor which the Trustee relies upon in *In re Hammer*, is that the vast bulk of the Debtor's debts were incurred to cover gambling losses. Historically, and currently in some individuals' views, gambling is looked upon with a jaundiced eye. But in some parts of the country, specifically Nevada and New Jersey where there are large gambling complexes, gambling is a business. Presently the State of Illinois sanctions off-track betting establishments and within the near future, the business of river boat gambling will be coming to Illinois. In the sense that gambling is a legitimate business, gambling losses can be looked upon as an excess similar to other excesses associated with living beyond one's means. A debtor who finances excess gambling losses through the use of a credit card, is no different from a debtor who uses a credit card to take a vacation or makes purchases he cannot afford.

As the court in *Keniston* states, 707(b) should be applied where the debtor's conduct is of such a nature that recourse to the provisions of Chapter 7 generally, particularly in view of the attendant injury to creditors, would contravene the fundamental notions of fairness and the purposes of Chapter 7. Such cannot be said of the Debtor in *Hammer*. He is seeking to discharge his debts, and his creditors are free to file actions under Sections 523 or 727. In fact, one creditor has elected to do that, leading to a·stipulation and order finding the debt to be nondischargeable in the amount of $3300.00. In *In re Hammer*, there is no abuse of the provisions of Chapter 7. In fact, those provisions are working as intended.

In conclusion, this Court would only add that these two cases only deepen this Court's conviction that Section 707(b) has only a very limited application, if any at all. Surely if Congress had intended to eliminate the fresh start concept of Chapter 7 for a working man or a retired fireman, it would have done so in no uncertain terms.

For these reasons, the United States Trustee's Motions to Dismiss should be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.