In re Howard Lee William **FORTUNE**
and Cynthia Yvonne Fortune,
Debtors.

Bankruptcy No. 90–81626.

United States Bankruptcy Court,
C.D. Illinois.

Aug. 14, 1991.

Charles E. Covey, Peoria, Ill., for debtors.

## OPINION

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

The United States Trustee's Motion to Dismiss seeks a dismissal of the Debtors' Chapter 7 proceeding pursuant to the "substantial abuse" provisions of Section 707(b) of the Bankruptcy Code. 11 U.S.C. Section 707(b).

The stipulated facts are not complicated. The Debtors are individuals who filed a joint Chapter 7 bankruptcy in 1970 and received a discharge. In July of 1990 the Debtors began the present bankruptcy proceeding by filing a Chapter 13 petition. A Chapter 13 plan was confirmed wherein the Debtors proposed to pay their creditors 100% at the rate of $1,268.00 per month. Pursuant to the Debtors' motion, the Chapter 13 proceeding was converted to one under Chapter 7 in February of 1991. While in Chapter 13, the Debtors paid $6,583.00 to the Chapter 13 Trustee.

The Debtor, Howard L. Fortune, has been employed by the State of Illinois for over 19 years, currently as a District EEO Officer. His take home pay is $1,778.76 per month. The Debtor, Cynthia Yvonne Fortune, has been employed by the City of Peoria for over 24 years, currently as a Payroll Supervisor. Her monthly take home pay is $2,189.82. The Debtors' total take home pay is $3,968.58 per month. Their estimated average future monthly family expenses are $2,655.00 per month, which leaves $1,313.58 per month available to pay their creditors. Their Chapter 7 schedules show that they have secured debt of $22,200.00, and unsecured debt of $32,014.55, for total debt of $54,214.55.

The United States Trustee relies on the case of *In re Kelly*, 841 F.2d 908, (9th Cir.1988) in arguing that because the Debtors have enough income to pay 100% of their unsecured debts in just over 33 months, the Debtors' conversion to Chapter 7 constitutes a "Substantial abuse" which justifies the dismissal of the Chapter 7 proceeding. The Debtors deny that their conversion to a Chapter 7 constitutes "substantial abuse" as that term is applied.

The issue before this Court is whether the Chapter 7 proceeding should be dismissed for the sole reason that the Debtors have sufficient income to pay their unsecured creditors 100% over approximately 33 months. In *In re Pilgrim*, 124 B.R. 287 (Bkrtcy.C.D.Ill.1991), this Court had a similar issue before it and held that the mere fact a debtor has excess income and the ability to make a significant payment to his unsecured creditors over time does not constitute substantial abuse under Section 707(b). In that decision this Court acknowledged that there are a large number of cases where the courts have applied Section 707(b) in the manner requested by

the United States Trustee. Included in those cases was *In re Kelly, supra.* However, this Court went on to reject those cases. Since this Court's decision in *In re Pilgrim, supra,* the Fourth Circuit United States Court of Appeals in *In re Green,* 934 F.2d 568 (4th Cir.1991), also has rejected the per se rule set forth in *In re Kelly, supra,* and the other bankruptcy courts coming to a similar result.

In the case before this Court the United States Trustee's only concern is that the Debtors have excess income and again asked this Court to apply the per se rule. Again, this Court refuses to do so, as it does not believe that the mere fact that a debtor has excess income from which he can make a substantial payment to creditors over time constitutes "substantial abuse".

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in the Opinion entered this day;

IT IS, THEREFORE, ORDERED that the United States Trustee's Motion to Dismiss pursuant to 11 U.S.C. Section 707(b) is hereby DENIED.