**In re Phillip E. BRIDGES, Debtor.**

**Bankruptcy No. 91–00262.**

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

Dec. 9, 1991.

Hugh M. Richards, London, Ky., for debtor.

5. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to

Ralph Hoskins, Corbin, Ky., for L & N Federal Credit Union.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on a Motion to Dismiss filed on August 20, 1991 by L & N Federal Credit Union ("L & N"), a creditor of the debtor. The debtor filed his Objection to Motion on September 4, 1991. The issue raised by L & N's Motion to Dismiss is whether the alleged ability to fund a Chapter 13 plan constitutes "bad faith" pursuant to 11 U.S.C. § 707(a).

The debtor filed his Chapter 7 petition in this Court on April 3, 1991. He listed his monthly income as $1750.00. His monthly expenditures were estimated to be $1754.58, all for essentials. There were no expenditures listed for items such as recreation, books and periodicals, charitable contributions, and others that might be considered discretionary. Expenditures for essentials included a $717.91 mortgage payment, as well as $41.67 in real estate taxes and a total of $215.00 in utility payments.

The debtor's petition included a statement of his intention to surrender the real estate and improvements thereon to the creditor First National Bank of London. An Agreed Order of Relief from Stay in regard to this property was entered by this Court on July 8, 1991. The record in this case suggests that the debtor appeared and gave testimony at a B.R. 2004 examination on July 23, 1991. According to a Motion for Conversion to Chapter 13 filed on July 31, 1991, by L & N, the debtor testified at that hearing that he was now paying $300.00 for rent, $184.00 for utilities, and had total monthly expenditures of $1,107.50. According to L & N, the debtor therefore now has $692.50 per month with which to fund a 100% Chapter 13 plan over 5 years.

A Complaint Objecting to Discharge (A91–0180) was filed by Vanessa Reynolds, the debtor's former wife, on July 25, 1991.

Bankruptcy Rule 7052. This Memorandum of Opinion shall be published.

L & N's Motion to Dismiss is based on the contention that the debtor is able to fund a 100% Chapter 13 plan and that therefore his Chapter 7 petition does not satisfy the "good faith" requirements of the Code. L & N alleges that granting Chapter 7 relief in this case would be a "substantial abuse". It does not plead under any Code section, although dismissals are treated in § 707. Assuming that it is proceeding pursuant to § 707, it attempts to employ the § 707(b) concept of "substantial abuse" along with the concept that "for cause" in § 707(a) includes the absence of good faith in something of a scatter-gun argument. The debtor points out that a Motion to Dismiss must be made by the U.S. Trustee or by the Court, *sua sponte.*

If L & N intended to proceed under § 707(a), it would be required to demonstrate that the ability to fund a Chapter 13 plan constitutes lack of good faith in the filing of a Chapter 7 petition. A recent 6th Circuit case, *In re Zick*, 931 F.2d 1124 (6th Cir.1991), found that lack of good faith is a valid basis of a decision by the bankruptcy court to dismiss a Chapter 7 case "for cause". The Court went on to say, however, that

> Dismissal based on lack of good faith ... should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence.

At 1129. Ability to fund a Chapter 13 plan was not at issue in the *Zick* case.

In *In re Frisch*, 76 B.R. 801 (Bkrtcy. D.Colo.1987), the court did consider the question of whether ability to fund a Chapter 13 plan constitutes "bad faith" under § 707(a). Therein the court stated

> Refusal to consider Chapter 13 when the debtor has the ability to repay debts is one possible ground for considering dismissal under § 707(b) when it is coupled with some other 'egregious circumstance.' (Citation omitted) [The credi-

tor] urges us to consider the factors used by courts under § 707(b) as indication of this debtor's bad faith under § 707(a). However this argument runs afoul of the plain language of § 707(b).... It asks us to take the considerations relevant to § 707(b) and apply them to a motion to dismiss under § 707(a). [The creditor] does not, however, address the fact that a party in interest is not allowed to bring a motion under § 707(b).... [The creditor] argues that there is a substantial abuse in the debtor's petition, and proceeds from there to the conclusion that 'cause' exists for dismissal under § 707(a). To agree with that conclusion would be to ignore § 707(b) which prevents a party in interest from asking for a dismissal.

At 803–804.

Another court which considered the ability to fund a Chapter 13 plan as a basis for dismissal of a Chapter 7 case determined on its own motion that granting relief under Chapter 7 would be a substantial abuse pursuant to § 707(b). *See In re Grant*, 51 B.R. 385 (Bkrtcy.N.D.Ohio 1985). In this case, the court's decision was also based on its finding that the debtors, whose personal spending habits appeared excessive, had not "demonstrated any resolve to tighten their belts, or to incur debts with a clear intent to pay their creditors their just due." At 394.

An excellent discussion of "good faith" as a general jurisdictional requirement for cases under Chapter 7 is found in *In re Jones*, 114 B.R. 917, 924 et seq. (Bkrtcy.N.D.Ohio 1990). The question raised therein as to whether lack of good faith is an adequate cause for dismissal has, of course, been answered by *In re Zick, supra.* The *Jones* court considered the debtor's ability to repay his debts as a element of good faith. It eventually came to the conclusion that this was one of several factors, including fraud and misconduct on the part of the debtor, that supported a finding of lack of good faith. The court dismissed the debtor's Chapter 7 petition pursuant to § 707(a). At 926. The legislative history of § 707(a) indicates,

however, that the ability to repay debts, in and of itself, is not adequate cause for dismissal:

> The section does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy.

[House Report No. 95–595, 95th Cong., 1st Sess. 380 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 94 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880, 6336.]

In the case at bar, L & N has not demonstrated any egregious behavior on the part of the debtor. It makes no allegations of fraud or misconduct, and presents no evidence of a lavish lifestyle or excessive spending habits on the part of the debtor. Its only argument is that the debtor now has excess income with which to fund a Chapter 13 plan. In the absence of any such evidence, L & N appears to be asking this Court to bypass the prohibition addressed to parties in interest in § 707(b), hoping that the Court will pick and choose among § 707(a) and § 707(b) requirements and come up with a combination that will result in a dismissal.

In consideration of all of the foregoing it is therefore the opinion of this Court that L & N Federal Credit Union's Motion to Dismiss should be overruled.