**In re Willie L. JOSEY and Wilhelmina Josey, Debtors.**

**Bankruptcy No. 93–13485.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

June 24, 1994.

---

Stephen C. Rodeheffer, Portsmouth, OH, for debtors.

David W. Kuhn, Trustee, Portsmouth, OH.

## DECISION and ORDER ON NOTION TO DISMISS

BURTON PERLMAN, Chief Judge.

In this joint Chapter 7 case, the United States Trustee has moved to dismiss the case pursuant to 11 U.S.C. § 707(a). The motion came on for hearing before the court.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A).

The facts of this case emerge from the testimony adduced at the evidentiary hearing and debtors' schedules. The court takes judicial notice of the latter. Debtors are husband and wife. Dr. Willie L. Josey is a medical doctor; Carmen Wilhelmina Josey has a degree in business administration. Dr. Josey had been a physician in the U.S. Army. In June, 1987, he moved to Alliance, Ohio, where he remained until December, 1990. He was then sent to Saudia Arabia as a member of the Armed Forces. He left his medical practice in Alliance in the hands of Timothy Hirst. Upon Dr. Josey's return from Saudia Arabia, he became involved in litigation with Hirst, and a judgment of $83,-000.00 was taken against him.

In December, 1992, debtors moved to Portsmouth, Ohio. There, as disclosed in the filing papers of debtors, Dr. Josey is employed by the Southern Ohio Medical Center at a salary of $100,000.00 per year, while Mrs. Josey is employed as a data coordinator at the Scioto County Counseling Center at a salary of $18,000.00 per year. Apart from the debt to Hirst, debtors owe $42,000.00 to Alliance Community Hospital for repayment of advances made to Dr. Josey, $12,618.00 in student loan debt, and debts for various charge cards and credit arrangements.

According to Schedule I, debtors have four children. The combined monthly net income of debtors is $6,809.42, after deducting Dr. Josey's pension fund contribution of $758.33. According to Schedule J, debtors' total monthly expenses are $5,676.00.

In addition to what was shown in debtors' schedules, Dr. Josey received additional income of $6,100.00 in 1993 for work performed in the emergency room at the hospital in Portsmouth. He received also approximately $7,000.00 in Army pay on account of his reserve status. These two items were not disclosed in debtors' schedules. The schedules do, however, show that Dr. Josey also received an estimated $500.00 per month on accounts receivable from his former medical practice, the schedules showing a total amount of such receivables on the date of filing to be $25,000.00. In 1993, Mrs. Josey received some $1,800.00 in support for one of her children, although the support payments are sporadic, and she has received none in 1994.

The U.S. Trustee bases his motion to dismiss the case on § 707(a) of the Bankruptcy Code, which provides:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> > (1) unreasonable delay by the debtor that is prejudicial to creditors;
> >
> > (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> >
> > (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.
>
> \* \* \* \* \* \*

11 U.S.C. § 707(a). The U.S. Trustee argues that debtors have demonstrated a lack of good faith in filing their petition, and that lack of good faith is a valid basis for dismissal "for cause" under § 707(a). In support of

his contention, the U.S. Trustee says that debtors failed to disclose their additional income in their schedules, and that information as to debtors' true income and expenses was disclosed only after he conducted an examination of debtors pursuant to Bankruptcy Rule 2004.

■ We have no difficulty agreeing with the U.S. Trustee that lack of good faith may provide cause for dismissal of a case under § 707(a). The Sixth Circuit held in *In re Zick* that "lack of good faith is a valid basis of decision in a 'for cause' dismissal by a bankruptcy court." 931 F.2d 1124, 1127 (6th Cir.1991). But the court in that case clearly indicated that the acceptance of that proposition was not the end of the inquiry; it is necessary to examine the facts and conduct of the debtor in each case to see whether they establish a lack of good faith.

■ A question which arises is whether the fact alone that a debtor is non-needy is sufficient to meet the requirement for a showing of lack of good faith. The question must be answered because the facts in this case indicate that debtors are non-needy, for they have substantial ongoing income. But that fact alone does not warrant dismissal. Legislative history indicates that dismissal "for cause" under § 707(a) requires more than a showing that a debtor is non-needy. The Senate and House Reports state that "[§ 707(a) ] does not contemplate ... that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal." H.R.Rep. No. 595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 94 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5880, 6336.

What is required in order to show a lack of good faith is perceived misconduct on the part of the debtor. In *Zick*, the case upon which the U.S. Trustee primarily relies, the court at p. 1129 said:

1. Some courts have held that the ability of a debtor to repay debts alone may warrant dismissal under § 707(b), which provides for dismissal upon a finding that "the granting of relief would be a substantial abuse of the provisions of this chapter." 11 U.S.C. § 707(b). *See, e.g., In re Krohn,* 886 F.2d 123, 126 (6th Cir.1989) (where debtor's disposable income enables him to pay his debts with relative ease, dismissal is warranted); *In re Kelly,* 841 F.2d 908, 914 (9th Cir.1988) (same); *In re Cord,* 68 B.R. 5, 7 (Bankr.W.D.Mo.

Dismissal based on lack of good faith must be undertaken on an *ad hoc* basis. *In re Brown,* 88 B.R. [280] at 284 [ (Bankr.D.Haw.1988) ]. It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence.

*See also In re Hammonds,* 139 B.R. 535, 542–43 (Bankr.D.Col.1992) ("some ability to repay debts is certainly not, in and of itself, adequate cause for dismissal of a Chapter 7 case, except perhaps under Section 707(b)"); *In re Bridges,* 135 B.R. 36, 37–38 (Bankr. E.D.Ky.1991) (§ 707(a) dismissal was not justified despite that debtor had sufficient income to pay debts because moving creditor failed to show fraud or misconduct).[1] Courts considering § 707(a) consistently have found debtor misconduct in addition to ability to repay debt before granting "for cause" dismissal based on lack of good faith. *See, e.g., Hammonds,* 139 B.R. at 542–43 (§ 707(a) dismissal is warranted when debtor can afford to repay debts, and debtor transferred assets without consideration, engaged in multiple case filings, and deliberately concealed income from creditors); *In re Jones,* 114 B.R. 917, 926 (Bankr.N.D.Ohio 1990) (lack of good faith exists where debtor has ability to repay debts, engaged in fraudulent conduct, and attempted to conceal income); *In re Brown,* 88 B.R. 280, 284 (debtor showed lack of good faith where he earned substantial income and transferred profits of medical practice into tenancy by entireties to avoid paying medical malpractice judgment).

■ The court is unable to find misconduct on the part of debtors on the record before us. The amount of income not report-

1986); *In re Hudson,* 56 B.R. 415, 419 (Bankr. N.D.Ohio 1985).

This court, however, has denied dismissal of a Chapter 7 case for substantial abuse when it is based solely on the fact that a debtor can afford to maintain a Chapter 13 plan. *See In re Beles,* 135 B.R. 286, 287–88 (Bankr.S.D.Ohio 1991); *In re Deaton,* 65 B.R. 663, 664–65 (Bankr.S.D.Ohio 1986). The U.S. Trustee bases the present motion not on substantial abuse under § 707(b), but on lack of good faith under § 707(a).

ed by debtors is not material when the magnitude of what they have disclosed is considered. Because of that disparity in magnitude, the omissions are more consistent with inadvertence than with any intentional concealment.

Accordingly, the motion of the U.S. Trustee to dismiss the case is overruled.

So Ordered.